**UNITED STATES of America**

v.

**Howard PRESS, Morris Furer, Harry Furer, Lawrence Daniel Traina, Abraham Klein, James H. Taylor, Abraham Klein, Appellant.**

No. 16565.

United States Court of Appeals Third Circuit.

Argued June 21, 1968.

Decided Sept. 30, 1968.

H. Elliot Wales, New York City, for appellant.

Edwin H. Stier, Chief, Criminal Division, Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before BIGGS, KALODNER and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Klein, the defendant, charged with substantive violations of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 331, 352, and 353, and also with conspiracy to violate the Act, 18 U.S.C. § 371, was granted bail and appealed to this court from judgments of convictions on several counts of the indictment. At the argument in this court it was stated that Klein had left the jurisdiction and had gone to Ghana. Subsequently an affidavit was filed in this court by Assistant United States Attorney Stier stating that he could not be located. It appears that Klein did not have permission to leave the jurisdiction of New Jersey or this Circuit and it may be that he is presently in Ghana. Insofar as we can gather from the record before us the United States has made no effort to forfeit Klein's appearance bond or to remove him from Ghana to the United States, if indeed extradition be possible.

An issue is therefore presented whether we should proceed to adjudicate his appeal in the usual fashion or whether his appeal should be removed from the docket or dismissed for want of jurisdiction over Klein's person. It may be demonstrated in this case that Klein has made a determined effort to deprive this court of its power to execute its mandate.

In Eisler v. United States, 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897 (1949), a per curiam opinion, the Supreme Court had granted a petition for certiorari in a criminal appeal and after the submission of the petitioner's cause on the merits he fled the country. The Supreme

**500**

Court stated, id. at 190, 69 S.Ct. at 1454, "Since the petitioner by his own volition may have rendered moot any judgment on the merits, we must, as a matter of our own practice, decide whether the submission should be set aside and the writ of certiorari dismissed or whether we should postpone review indefinitely by ordering the case removed from the docket, pending the return of the fugitive.

"Our practice, however, has been to order such cases to be removed from the docket. Smith v. United States, 94 U.S. 97, [24 L.Ed. 32]; Bonahan v. [State of] Nebraska, 125 U.S. 692, [8 S.Ct. 1390, 31 L.Ed. 854]. We adhere to these precedents. Accordingly after this term the cause will be left off the docket until a direction to the contrary shall issue." The Chief Justice and three Associate Justices differed from the majority conclusion as appears from their opinions.

In United States v. Dawson, 350 F.2d 396 (6 Cir. 1965), an appeal in a criminal case, where it appeared that the appellant-defendant had fled the jurisdiction of the district court after perfecting his appeal, the defendant's bond was forfeited. The Court of Appeals was of the opinion that the appeal should be dismissed unless the defendant-appellant submitted himself to the jurisdiction of the district court within 30 days. In Stern v. United States, 249 F.2d 720 (2 Cir. 1957), another appeal in a criminal case, the court held that the record showed a determined effort on the part of the defendants to deprive the court of power to execute its mandate. The appeal was dismissed.

No record was made in the court below upon the issue of Klein's whereabouts or whether he has absconded from justice, nor does it appear that his bond has been forfeited. The course we should follow in the case at bar may set an important precedent for future guidance. Accordingly, we will retain jurisdiction of the cause and the present record but we will direct the court below to proceed to a hearing, to receive such evidence as may be available, and to make such findings of fact and conclusions of law as may be appropriate respecting Klein's whereabouts and the circumstances under which he left the jurisdiction.