**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Paul SHELTON, Defendant-
Appellant.**

**No. 73-1776.**

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1973.

Certiorari Denied Dec. 3, 1973.
See 94 S.Ct. 591.

sentation at interviews not involving the presentation of a grievance. We have no

William V. Hall, Jr., Decatur, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BELL, GODBOLD and IN-GRAHAM, Circuit Judges.

BY THE COURT:

Shelton was convicted in federal district court of interstate transportation and concealment of a stolen motor vehicle, was sentenced to two concurrent five-year terms on February 2, 1973, and filed notice of appeal on March 5. The District Court granted Shelton release pending appeal on condition of $5,000 bond with surety.

reason to doubt the validity of the *Ross* decision.

On June 1 Shelton escaped from state custody during his trial on state charges of forgery.[1] He was found guilty on the forgery charges, his state bond was forfeited and a bench warrant issued. He remains at large. On June 1, the same day that Shelton escaped, his pro se brief in the appeal from the federal conviction was filed in this court.

On June 18 the District Court held a show cause hearing in response to a motion by the U.S. Attorney to revoke or forfeit the appeal bond. Shelton did not appear at that hearing nor was he represented by counsel.[2] The District Court determined that it lacked jurisdiction to order forfeiture of the bond.[3]

The United States has now filed with this court a motion to revoke or forfeit Shelton's appeal bond and a motion to dismiss the appeal on the basis that Shelton has absconded and defied the authority of this court. An attorney, who did not represent Shelton in the trial of the federal charge or of the state charge, has filed a response to the government's motions contending that Shelton has neither breached the conditions of the federal bond nor evidenced any intent not to obey the judgment of this court.

An appellate court has the power and authority to dismiss the appeal of an appellant who has escaped from custody or jumped bail, the rationale being variously expressed as disentitlement of the appellant to call upon the resources of the court to consider his claim, as discretion of the court to refuse to consider the claim of a litigant who indicates that he will comply with the court's decree only if it is favorable, or as the lack of a justiciable controversy. Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); Eisler v. United States, 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897, dism'd, 338 U.S. 883, 70 S.Ct. 181, 94 L.Ed. 542 (1949); Smith v. United States, 94 U.S. 97, 24 L.Ed. 32 (1876); Johnson v. Laird, 432 F.2d 77 (CA9, 1970); United States v. O'Neal, 453 F.2d 344 (CA10, 1972); United States v. Dawson, 350 F.2d 396 (CA6, 1965). In this instance the custody fled is that of another sovereign and upon a charge unrelated to that embraced in the federal appeal. We conclude, however, that the escape from state custody, the subsequent state conviction, the revocation of the state bond, the fact that Shelton remains at large despite the existence of the state bench warrant, and the fact that the response filed in this court contains no indication of his whereabouts nor any affirmative averments that he intends to submit himself to jurisdiction of this court or of the State of Georgia, constitute sufficient probable cause for this court to conclude that appellant will not comply with orders of this court and will abide its decree only if favorable to him. We therefore conditionally revoke his appeal bond and conditionally dismiss his appeal. The cause is remanded to the District Court which shall schedule a prompt hearing at which appellant shall appear in person (and with counsel, if he wishes) and show cause why the conditional revocation of his bond and conditional dismissal of his appeal should not be made final. Copies of this order and of the District Court's order setting the matter for hearing shall be served upon counsel who filed the response in this court, upon appellant's counsel in his state trial, and a copy of each mailed to appellant's last known address. A transcript of the District Court hearing shall be certified to this court.

The motions of the United States are conditionally granted and the cause remanded to the District Court for further proceedings as hereinabove provided.

---

1. While the jury was deliberating.

2. The attorneys who represented Shelton in the state proceedings advised the District Court that they did not represent Shelton in his federal appeal.

3. The conditions of the bond are that Shelton appear before this court, abide by and obey its orders, and surrender himself if his conviction is affirmed. There are no conditions limiting Shelton to remaining within any particular geographical area pending his appeal.