Dio W. LEWIS, Petitioner,

v.

DELAWARE STATE HOSPITAL and Robert C. Fenney, Hospital Director, Respondents,

and

Richard S. Gebelein, Attorney General of the State of Delaware, Additional Respondent.

Civ. A. No. 79–529.

United States District Court, D. Delaware.

April 30, 1980.

*City of Long Beach, supra; Bakenhus v. City of* *Seattle*, 48 Wash.2d 695, 296 P.2d 536 (1956).

**178**

Bettina C. Ferguson, Wilmington, Del., for petitioner.

James J. Hanley, Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for respondents.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

Dio W. Lewis ("petitioner") has petitioned for a writ of habeas corpus seeking release from his involuntary commitment to the Delaware State Hospital. Presently before the Court is the motion of respondents Delaware State Hospital and the Hospital Director to dismiss the petition because of petitioner's escape from the hospital and continued fugitive status.

On July 11, 1974, petitioner was indicted by a Delaware Grand Jury for a rape that occurred on June 17 of that year. (State Docket No. 1). After stipulating to the facts establishing a prima facie case of Sexual Assault and Kidnapping, Class B, he was tried in the Superior Court of the State of Delaware for New Castle County on April 23 and 24, 1975, and found not guilty by reason of insanity as that phrase is used in 11 *Del.C.* § 401(b). (State Docket No. 19). Pursuant to 11 *Del.C.* § 403, petitioner was committed to the Department of

Health and Social Services, Delaware State Hospital on May 14, 1975.[1]

After unsuccessfully pursuing habeas corpus relief in the Delaware state courts, Lewis filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court on November 13, 1979. The petition alleged that Lewis was confined in violation of the Fifth and Fourteenth Amendments of the Constitution because 11 *Del.C.* § 403 irrationally determines commitment and release on the basis of an individual's classification as either civilly or criminally insane, fails to provide for a determination of mental condition immediately prior to commitment, and fails to provide objective guidelines for the determination of release. This Court ordered respondents to file an answer by December 5, 1979. On or about December 3, Lewis escaped from the Delaware State Hospital. Respondents thereupon moved, on December 18, to vacate the order to answer and to stay or dismiss Lewis' habeas corpus petition.

Respondents have declined to address the merits of the habeas corpus petition on the grounds that Lewis' absence deprives this Court of subject matter jurisdiction and further disentitles him to relief as a matter of equity. For the reasons set forth below,

the Court determines that it retains jurisdiction to adjudicate the habeas corpus petition despite Lewis' absence, but in exercise of its discretion will stay proceedings for a period of thirty days, after which time if Lewis has failed to surrender, the petition will be dismissed.

## I. JURISDICTION

 Subject matter jurisdiction of federal district courts over habeas habeas corpus petitions from state court prisoners is controlled by §§ 2241 and 2254 of 28 U.S.C., both of which require that the petition emanate from a person who is "in custody." [2] The thrust of respondents' jurisdictional argument is that Lewis' fugitive status constitutes a lack of custody for the purposes of these statutes and that the district court is therefore not empowered to hear his petition. This Court finds that jurisdiction to hear a habeas corpus petition does not depend upon continued confinement of the petitioner but upon the circumstances at the time his petition is filed. Since Lewis was in custody at the time he filed his petition here, jurisdiction properly attached and was not destroyed by his subsequent escape.[3]

1. Such commitment was to continue "until the Court is satisfied that the mental defect or illness from which the defendant was found to be suffering, i. e., schizophrenia, no longer exists and no longer poses a threat to society. It is further specifically ordered that the defendant not be released until the advancement of medical science is such that the defendant is cured and does not constitute a threat either to himself or to society because of the underlying condition of pedophilia." (State Docket No. 19).

2. 28 U.S.C. § 2241 provides in relevant part:
 (a) Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions. . . .
 · · · · · ·
 (c) The writ of habeas corpus shall not extend to a prisoner unless—
 (3) he is in custody in violation of the Constitution or laws or treaties of the United States;
 28 U.S.C. § 2254 provides, in relevant part:
 (a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judg-

ment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

3. Even if continued confinement were required in order to maintain jurisdiction, this Court concludes that the expanding definition of "in custody" includes Lewis' fugitive status. In *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), the Supreme Court's finding that a person free on parole could file a habeas corpus petition established that "in custody" is to be determined by the existence of factors that "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do." 371 U.S. at 243, 83 S.Ct. at 377. The Third Circuit Court of Appeals followed the teaching that "in custody" does not require incarceration in *United States ex rel. Wojtycha v. Hopkins,* 517 F.2d 420 (3d Cir. 1975), where the determination was based upon whether the petitioner faced the *threat* of incarceration. Since in the instant case, Lewis' freedom is clearly restrained by the outstanding commitment order, and since he faces the possibility of confinement to the mental institution upon recapture, he is presently "in custody."

The question of whether a district court has jurisdiction to hear a habeas corpus petition when the petitioner is no longer in physical custody has been addressed by the Supreme Court in *Carafas v. La Vallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). In *Carafas*, the Court held that a petitioner who had filed his petition while incarcerated but had been unconditionally released after having served his prison term by the time the court was ready to review the petition was entitled to adjudication. This result was based on two determinations: an analysis of the habeas statutes and a consideration of the circumstances surrounding the particular petition.

The Court analyzed the federal habeas statutes and concluded that although a petitioner must be in custody at the time the petition is filed in order to initially establish jurisdiction,[4] the variety of relief offered by the statutes is not limited to production of the petitioner's corpus and therefore does not mandate continued confinement in order for jurisdiction to be retained.[5] The Court stated: "once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." 391 U.S. at 238, 88 S.Ct. at 1560.

■ The same rationale supports a conclusion that this Court has jurisdiction to review Lewis' petition. Jurisdiction initially attached at the time Lewis filed this petition, since he was literally in custody in the Delaware State Hospital at that time. Further, the relief sought by Lewis—a declaration that certain of the Delaware mental commitment statutes are unconstitutional, and his consequent release—is within the habeas corpus statutes and may be granted by a court in the absence of physical custody.

Petitioner's "release" from custody in the instant case is the product of his own volun-tary actions, and responsibility therefor cannot be ascribed to the respondents. Nevertheless, an examination of efforts to defeat previously established subject matter jurisdiction in an analogous context demonstrates that the voluntary nature of petitioner's conduct is not controlling.

For example, it is well established that diversity jurisdiction is determined as of the date the complaint is filed and is not affected by subsequent changes in the citizenship of the parties or the amount in controversy. In *Smith v. Sperling*, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957), for example, a New York plaintiff sued a California defendant in federal court on the basis of 28 U.S.C. § 1332 diversity jurisdiction. During the pendency of the proceedings, the plaintiff died and was replaced by a Special Administrator of California citizenship. The court indicated that although diversity would have been defeated had the suit originally been commenced by the Special Administrator,

> jurisdiction, once attached, is not impaired by a party's later change of domicile . . . 'it is quite clear, that the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting it cannot be ousted by subsequent events.' [citing *Mullen v. Torrance*, 9 Wheat. 537, 6 L.Ed. 154 (1824)].

354 U.S. at 93, n. 1, 77 S.Ct. at 1113.

The Third Circuit Court of Appeals followed this teaching in similar circumstances in *Brough v. Strathmann Supply Co.*, 358 F.2d 374 (3d Cir. 1966), where diversity was initially established because plaintiff's guardian, in whose name the suit was brought, was of a different citizenship from defendant. Jurisdiction was not destroyed by plaintiff's subsequent voluntary substitution of himself as named plaintiff, despite his similarity of citizenship with defendant.

---

**4.** The Court referred to 28 U.S.C. §§ 2241-45, 49, 52 and 54. 391 U.S. at 238, n. 9, 88 S.Ct. at 1560.

**5.** 28 U.S.C. § 2243 provides that "The Court shall . . . dispose of the matter as law and justice require," and 28 U.S.C. § 2244(b) refers to "release from custody or other remedy on an application for a writ of habeas corpus."

■ There does not appear to be any reason why the identity of the party making the change in circumstances or the volition with which the change is made should be irrelevant to the retention of diversity jurisdiction but vital to habeas jurisdiction. The policy, voiced in a diversity context, that "jurisdiction cannot well await the outcome of the case," *Emland Builders, Inc. v. Shea*, 359 F.2d 927, 929 (10th Cir. 1966), is equally applicable in both circumstances. It is not a punitive rule whose application is dependent upon the identification of the party responsible for the change in circumstances but is rather a doctrine designed to aid judicial administration. I therefore hold that a mechanical rule should be applied in determining habeas corpus jurisdiction: since Lewis was in custody at the time his petition was filed, jurisdiction properly attached in this Court at that moment and remains unaffected by his subsequent removal, regardless of the surrounding circumstances. *See United States ex rel. Bailey v. U.S.C.O. of Provost Marshall, U.S. Army*, 496 F.2d 324, 326 (1st Cir. 1974). The only party over which personal jurisdiction must be actively retained is the respondent,[6] and since respondent Delaware State Hospital remains within the jurisdiction of this Court, this requirement is met.

■ Nor is this Court's statutory jurisdiction impeded on the ground that Lewis' petition does not present an adequate case or controversy. The continued justiciability of an appeal of an escaped appellant was established in *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), where the Supreme Court held that an escape "does not strip the case of its character as an adjudicable case or controversy." This conclusion is also supported by *Carafas, supra,* and by *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), where the Court found that the "significant restraints" on the petitioner's liberty imposed by the outstanding confinement order insured that he had an adequate stake in the outcome of his habeas review to prosecute vigorously his petition.

## II. EQUITABLE ENTITLEMENT TO RELIEF

■ The mere fact that this Court has jurisdiction to hear Lewis' habeas petition does not require that it actually be heard. Both federal habeas legislation [7] and federal judicial practice indicate that review of a habeas petition is a matter of this Court's discretion.

> [H]abeas corpus has traditionally been regarded as governed by equitable principles. . . . Among them is the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.

*Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963) (citations omitted).

■ Discretion to refuse to hear a case where the party subject to punishment has escaped is well established. In *Smith v. United States*, 94 U.S. 97, 97, 24 L.Ed. 32 (1876), the Supreme Court dismissed a criminal appeal from a state supreme court, stating:

> It is clearly within our discretion to refuse to hear a criminal case in error, unless the convicted party, suing out the

---

6. *See Braden v. 30th Judicial Conference of Kentucky*, 410 U.S. 484, 495, 93 S.Ct. 1123, 1130, 35 L.Ed.2d 443 (1973):

Read literally, the language of 2241(a) requires nothing more than the court issuing the writ having jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction.

7. The relevant legislation is 28 U.S.C. § 2243, which provides:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

. . . . .

The Court shall summarily hear and determine the facts, and *dispose of the matter as law and justice require.* (Emphasis added).

writ, is where he can be made to respond to any judgment we may render.

This principle was reaffirmed in *Molinaro v. New Jersey, supra,* where the Court concluded, "[W]e believe [an escapee] disentitles the defendant to call upon the resources of the Court for determination of his claims." 396 U.S. at 366, 90 S.Ct. at 498–499.

The Supreme Court has also sanctioned state laws that mandate dismissal of criminal appeals within the state system upon escape of the appellant. *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); *Allen v. Georgia,* 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897). Further, federal appeals courts in almost every circuit have recognized their discretionary power to dismiss or stay appeals of escaped appellants. *See United States v. Tremont,* 438 F.2d 1202 (1st Cir. 1971); *United States v. Sperling,* 506 F.2d 1323 (2d Cir. 1974), *cert. denied,* 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975); *United States v. Press,* 401 F.2d 499 (3d Cir. 1968); *United States v. Shelton,* 482 F.2d 848 (5th Cir.), *cert. denied,* 414 U.S. 1075, 94 S.Ct. 591, 38 L.Ed.2d 482 (1973); *United States v. Dawson,* 350 F.3d 396 (6th Cir. 1965); *Brinlee v. United States,* 483 F.2d 925 (8th Cir. 1973), *cert. denied,* 419 U.S. 878, 95 S.Ct. 142, 42 L.Ed.2d 118 (1974); *United States v. Macias,* 519 F.2d 697 (9th Cir. 1975); *United States v. Swigart,* 490 F.2d 914 (10th Cir. 1973); *Dawkins v. Mitchell,* 437 F.2d 646 (D.C.Cir.1970). This policy of discretionary as opposed to jurisdictional, *i. e.,* mandatory, determination of the status of appeals of fugitives has also been applied to habeas corpus petitions, in a criminal context, *Quarles v. Alabama,* 578 F.2d 1148 (5th Cir. 1978); *Gonzales v. Stover,* 575 F.2d 827 (10th Cir. 1978); *Johnson v. Laird,* 432 F.2d 77 (9th Cir. 1970), and in a mental patient context. *Compare Ragsdale v. Cameron,* 329 F.2d 233, 234 (D.C.Cir.1963) (per curiam) (appeal dismissed where *appellant* mental patient had escaped) *with Cameron v. Mullen,* 387 F.2d 193, 196 n. 4 (D.C.Cir. 1967) (appeal not dismissed where *appellee* mental patient had prevailed in District Court but had escaped while District Court order of release stayed pending appeal).

Cases in which the claims of escaped or fugitive litigants have been heard generally involve considerations not present here. For example, in *United States ex rel. Smith v. Jackson,* 234 F.2d 742, 748 (2d Cir. 1956), a case arising in an unusual factual context, an escapee's habeas corpus petition was entertained in New York because he could not return to Virginia, the forum from which he had escaped, and present his claims there. The record in the instant case offers no reason why Lewis cannot return to the hospital before pressing his case.

■ A District Court agreed to consider the defendant's pre-trial motion in *United States v. Shapiro,* 391 F.Supp. 689 (S.D.N.Y. 1975), despite defendant's fugitive status. In doing so, the court noted that whether to refuse to consider the motion rested in the sound discretion of the court. However, unlike convicted defendants in appellate cases refusing to hear appeals of escapees, the fugitive defendant in *Shapiro* retained his presumption of innocence before trial. 391 F.Supp. at 691. In the instant case, following an adjudication of his insanity, petitioner Lewis comes to this Court with the burden of demonstrating the unconstitutionality of his commitment.

The same rationales advanced at the appellate level are relevant here: disentitlement of a fugitive to call upon the resources of the court, *United States v. Shelton,* 482 F.2d 848 (5th Cir.), *cert. denied,* 414 U.S. 1075, 94 S.Ct. 591, 38 L.Ed.2d 482 (1973), disentitlement of a fugitive to benefit from a positive adjudication without submitting himself to the costs of a negative adjudication, *Eisler v. United States,* 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897 (1949), discouragement of escape, *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975), and maintenance of the dignity and efficiency of the judicial system. *Id.*

■ By escaping from confinement, Lewis has indicated that he will only submit himself to this Court's jurisdiction if it is favorable; there is no assurance that he

will surrender if his petition is decided adversely. In these circumstances I hold that Lewis is not entitled to review of his petition, and that law and justice require that the petition be dismissed.

It will therefore be ordered that respondents' motion to vacate this Court's order to answer or to dismiss the petition for habeas corpus is stayed for a period of thirty days, pending surrender of the petitioner. If, after that time, petitioner remains at large and respondents timely advise the Court of that fact, respondents' motion will be granted.