**CROSS TIMBERS OIL COMPANY, Plaintiff,**

v.

**ROSEL ENERGY, INC., and George F. Rosel, and Steven D. Rosel, as Co–Executors of the Estate of George D. Rosel, Defendants.**

**Civil Action No. 95–2436–EEO.**

United States District Court, D. Kansas.

June 19, 1996.

---

Justin J. Johl, Brett D. Leopold, Shook, Hardy & Bacon, Overland Park, KS, Jonathan T. Suder, Michael T. Cooke, Friedman, Young & Suder, Fort Worth, TX, for plaintiff.

Gene H. Sharp, Sharp, McQueen, McKinley, Dreiling & Morain, Liberal, KS, Margaret Gallagher Hague, Paul D. Cowing, Sinclair, Sawyer, Thompson, Haynes & Cowing, P.C., Kansas City, MO, for Rosel Energy, Inc.

Gene H. Sharp, Sharp, McQueen, McKinley, Dreiling & Morain, Liberal, KS, Margaret Gallagher Hague, Paul D. Cowing, Sinclair, Sawyer, Thompson, Haynes & Cowing, P.C., Kansas City, MO, Mark A. Corder, Olathe, KS, for George F. Rosel and Steven D. Rosel.

## MEMORANDUM AND ORDER ON RECONSIDERATION

EARL E. O'CONNOR, District Judge.

This matter is before the court on plaintiff's motion for reconsideration of our Memorandum and Order of May 15, 1996, granting defendant's motion to dismiss for failure to join an indispensable party (Doc. # 80). For the reasons set forth below, plaintiff's motion will be denied.

■ The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. *See Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). A motion for reconsideration is the opportunity for the court to: 1) correct manifest errors of law or fact; 2) review newly discovered evidence; or 3) review a prior decision in light of a recent change in the law. *Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981); *see also Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986).

■ Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position or the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990); *Refrigeration Sales Co. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. *Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.1990).

■ Under the "law of the case" doctrine, once an issue is decided by the court, it should not be reconsidered unless it is clearly erroneous or resulted in the imposition of some manifest injustice. *Id.* This doctrine is based on public policy favoring an end to litigation and encouraging finality in dispute resolution by preventing continued relit-

igation of issues once decided. *See Major v. Benton*, 647 F.2d at 112; *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 750 (5th Cir.1985).

■ Plaintiff asks the court to reconsider our ruling that the absent joint interest holders are indispensable because the ownership of the Chase gas is at issue. Citing documents already considered by the court in its original ruling, plaintiff urges that all parties agree about the ownership of the gas. However, the court has again reviewed the documents cited by plaintiff and cannot agree that the documents make it "clear that all parties agree that there is no dispute as to the ownership of the gas" at issue. The court remains convinced that factual and legal issues surrounding the ownership question are at the heart of this litigation. Given plaintiff's request for injunctive relief, the absent joint interest owners are indispensable to the instant suit.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. # 80) is denied.