**KUSTOM SIGNALS, INC., Plaintiff,**

v.

**APPLIED CONCEPTS, INC., and John L. Aker, Defendants.**

**No. Civ.A. 96–2296–EEO.**

United States District Court,
D. Kansas,
Kansas City Division.

July 27, 1998.

---

Michael Yakimo, Jr., D.A.N. Chase, Ginnie C. Derusseau, Chase & Yakimo, Overland Park, KS, for Kustom Signals Inc., plaintiff.

Douglas R. Richmond, Gerald A. King, Thomas H. Stahl, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, Ronald Craig Fish, Falk, Vestal & Fish, Morgan Hill, CA, for Applied Concepts, Inc., defendant.

Douglas R. Richmond, Gerald A. King, Thomas H. Stahl, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, Ronald Craig Fish, Falk, Vestal & Fish, Morgan Hill, CA, for John L Aker.

Gerald A. King, Thomas H. Stahl, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, Ronald Craig Fish, Falk, Vestal & Fish, Morgan Hill, CA, for Applied Concepts, Inc., counter-claimant.

Michael Yakimo, Jr., D.A.N. Chase, Ginnie C. Derusseau, Chase & Yakimo, Overland

Park, KS, for Kustom Signals Inc, counter-defendant.

Gerald A. King, Thomas H. Stahl, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, Ronald Craig Fish, Falk, Vestal & Fish, Morgan Hill, CA, for John L Aker, counter-claimant.

Michael Yakimo, Jr., D.A.N. Chase, Ginnie C. Derusseau, Chase & Yakimo, Overland Park, KS, for Kustom Signals Inc., counter-defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on plaintiff's motion for reconsideration of partial summary judgment and for sanctions (Doc. # 75). After careful consideration of the parties' briefs and submissions, the court is now prepared to rule. For the reasons set forth below, plaintiff's motion for reconsideration will be denied and plaintiff's motion for sanctions will be granted.

### Factual Background

The factual background of this matter is set forth in the court's February 9, 1998 Memorandum and Order and is incorporated by reference. Plaintiff Kustom Signals, Inc. ("Kustom") and defendant Applied Concepts, Inc. ("ACI") manufacture and sell traffic radar and other equipment used by law enforcement agencies. Defendant John L. Aker is an independent contractor who has designed traffic radar for ACI since 1978. Kustom alleges that ACI's Stalker Dual radars infringe Kustom's patent for such a radar device, specifically, U.S.Patent 5,528,-246 (the " '246 patent" or "Kustom radar"). On a very general level, both the Kustom and Stalker Dual radars (1) measure the Doppler shift of vehicles within the radar's range, (2) convert the Doppler shift of a reflected signal from an analog signal to a digital signal, (3) use a method called a fast fourier transform to analyze the digital data and transform it into the frequency domain, (4) employ various measures to qualify the data so as to eliminate false signals or noise, and (5) display the speed of the target vehicle for the operator.

On February 9, 1998, the court granted defendants' motion for summary judgment with respect to plaintiff's claim of literal infringement of claims 1, 16, and 20 of the '246 patent. In particular, the court held that while the '246 patent discloses a method and apparatus for the search and display of a single fastest or strongest target (an "or-type" radar), the Stalker Dual radars always perform a search for both a fastest and strongest target (an "and-type" radar). See Feb. 9 Order, 995 F.Supp. 1229, 1239. The court denied defendants' motion for summary judgment with respect to plaintiff's claim of infringement under the doctrine of equivalents of the same claims. Kustom moves for reconsideration of the court's February 9 Order based on its discovery of certain representations ACI made in a patent application for the Stalker Dual radars which was only recently disclosed to Kustom.

On February 10, 1995, ACI filed five patent applications including Serial No. 386,545, which issued as patent No. 5,525,996 (the " '996 patent") on June 11, 1996, and Serial No. 386,552, which issued as patent No. 5,570,093 (the " '093 patent") on October 29, 1996. Prior to issuance of the '093 patent, ACI filed a continuation of the 386,552 application in August 9, 1996, Serial No. 695,333, which issued as the '724 patent on November 25, 1997. The '724 patent became the sixth patent to issue. The description in the specification of the '724 patent is the same as the '996 patent. Mr. Aker stated in an affidavit that the Stalker Dual radars "are structured and work substantially in accordance with the disclosure of the '996 patent."

Kustom's motion is based on defendants' failure to reveal the '724 patent application until February 20, 1998, approximately three months after the patent was issued and eleven days after the court entered its ruling on defendants' motion for summary judgment. ACI notified Kustom of the '724 patent through a general industry-wide notification.

The original '724 patent application disclosed both "and-type" radars and "or-type" radars. The '724 patent application was amended, however, so that it would read on the actual Stalker Dual radars made by ACI.

ACI's patent counsel explained this amendment in the file wrapper for the '724 patent:

> Claim 40 has also been amended voluntarily to remove an inaccuracy of the claims since this claims covers the commercial embodiment, and the commercial embodiment does not have separate search modes for strongest or fastest and always searches for both the fastest and strongest targets and displays both speeds. The fastest speed display can be turned off, but the computer still finds the fastest target.

In December 1996, ACI answered interrogatory number 8 of Kustom's first interrogatories as follows:

> *Int. No. 8:* State whether or not ACI has sought patent protection for its traffic radar systems that employ digital signal processing, or any components thereof, other than U.S.Patent No. 5,525,996, and, if it has, identify any patents that have issued and any patent applications that have been filed.

> *Answer:* Objection, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to said objection, *Defendant states that five patent applications have been submitted and patents issued.* Patent numbers are: 5,563,603 5,570,093 5,525,996 5,565,871 5,528,245. (emphasis added).

On July 30, 1997, counsel for Kustom took the deposition of defendant John Aker. The following exchange took place:

> Mr. Chase: What patent or patents have grown out of this contract?

> Mr. Aker: There are about five that have come. The first was our 996 patent which was issued in 1996.

> Mr. Chase: There's some other patents that have issued also, they were identified in interrogatory answers. I don't happen to have them with me, but have the other four patents issued or are some of them still pending?

> Mr. Aker: Well, there may be one or two pending, but there are–I'm told that

> *there will be five that will issue altogether.*

(Emphasis added).

## Analysis

### I. Motion For Reconsideration.

#### A. *Legal Standards.*

■■■ A motion for reconsideration is the opportunity for the court to (1) correct manifest errors of law or fact; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in the law. *See Cross Timbers Oil Co. v. Rosel Energy, Inc.,* 168 F.R.D. 649, 650 (D.Kan. 1996) (citing *Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981)). Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination. *See Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990); *Refrigeration Sales Co., Inc. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff'd,* 770 F.2d 98 (7th Cir.1985). A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance, or to rehash arguments previously considered and rejected by the court. A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. *See Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.1990), *aff'd,* 948 F.2d 1529 (10th Cir. 1991). The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. *See Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988).

#### B. *New Evidence.*

■■ Plaintiff argues that new evidence exists—defendants' admissions in their '724 patent application and defendants' inconsistent positions in their patent application and before this court. While defendants' statements in the '724 patent application may be interesting and somewhat damaging to the credibility of defendants' assertions in their

motion for summary judgment, the court finds that defendants' statements are not directly relevant to the literal infringement inquiry. "Literal infringement of a claim exists when every limitation recited in the claim is found in the accused device, *i.e.,* when the properly construed claim reads on the accused device exactly." *Engel Indus., Inc. v. Lockformer Co.,* 96 F.3d 1398, 1405 (Fed.Cir.1996) (citing *Johnston v. IVAC Corp.,* 885 F.2d 1574, 1580 (Fed.Cir.1989)). Defendants' own assessment in their patent applications of what the accused device discloses has very marginal relevance to the issue of what limitations actually are found in the accused device. The court concludes that defendants' statements in the original '724 patent application would not alter the court's finding that defendants did not literally infringe plaintiff's patent as a matter of law.

Kustom claims that defendants should be judicially estopped from arguing that the Stalker Dual radars are "and-type" radars. We find that the doctrine of judicial estoppel is inapplicable to the facts of this case. First, Kustom has not cited any authority for the proposition that judicial estoppel applies to previous positions taken by a party before the United States Patent and Trademark Office ("PTO"). *See Devon Indus., Inc. v. American Med. Int'l, Inc.,* 61 F.3d 910 (9th Cir.1995) (finding that patent application does not qualify as a prior judicial proceeding). Judicial estoppel applies, if at all in the Tenth Circuit, to judicial proceedings. *See United States v. 49.01 Acres of Land,* 802 F.2d 387, 390 (10th Cir.1986) ("Judicial estoppel bars a party from adopting inconsistent positions in the same or related litigation."). Kustom cites a single authority in support of the application of the doctrine of judicial estoppel in this case. *See Smith v. Midland Brake, Inc.,* 911 F.Supp. 1351 (D.Kan.1995). In *Midland Brake,* the district court concluded that the Tenth Circuit would not find estoppel to be inapplicable where plaintiff, who brought a claim under the Americans with Disabilities Act, previously had argued to the Social Security Administration that he was totally disabled and unable to work. *Id.* at 1360. On appeal, however, the Tenth Circuit explained that "[w]e wish to make clear that under the law of this circuit, Mr. Smith is not judicially estopped from now making claims that are inconsistent with his prior representations to the SSA. *See United States v. 49.01 Acres of Land,* 802 F.2d 387, 390 (10th Cir.1986) ("The Tenth Circuit ... has rejected the doctrine of judicial estoppel."). Hence, any reliance by the district court on an estoppel theory was misplaced." *Smith v. Midland Brake, Inc.,* 138 F.3d 1304, 1312 (10th Cir.1998). In two other recent cases, the Tenth Circuit has expressed its reluctance to apply judicial estoppel because application of the doctrine often discourages "determination of cases on the basis of the true facts as they might be established ultimately." *Aldrich v. Boeing Co.,* 146 F.3d 1265, 1268 (10th Cir.1998) (citations omitted); *see Rascon v. U.S. West Communications,* 143 F.3d 1324 (10th Cir.1998). The Tenth Circuit has noted that while inconsistent positions by a party may be relevant to disputed issues, a party's inconsistent positions are not dispositive. *See Aldrich,* 146 F.3d at 1268–69; *Rascon,* 143 F.3d at 1332. Moreover, we note that defendants' position before the PTO was temporary and amended so as to conform with the actual operation of the Stalker Dual radars. Defendants' final position taken before the PTO is entirely consistent with the arguments defendants have advanced in the instant action. Finally, Kustom has not established that defendants' original position before the PTO was completely inconsistent with defendants' arguments before this court.

For the above reasons, Kustom's motion for reconsideration will be denied.

## II. Motion For Sanctions.

The imposition of sanctions for discovery misconduct is within the discretion of the court. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). In determining an appropriate sanction, a court should consider the purposes of imposing sanctions which include deterring future litigation abuse, penalizing present litigation abuse, and compensating victims of litigation abuse. *See id.* at 643, 96 S.Ct. 2778; *Resolution Trust Corp. v. Williams,* 162 F.R.D. 654, 660 (D.Kan.1995). "The

sanction to be imposed should be the least severe of those available, which appears adequate to deter and punish the wrongdoer." *Augustine v. Adams,* 169 F.R.D. 664, (D.Kan.1996) (citing *White v. General Motors Corp., Inc.,* 908 F.2d 675, 685 (10th Cir.1990), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991)); *see Cal Dive Int'l, Inc. v. M/V Tzimin,* 127 F.R.D. 213, 215 (S.D.Ala. 1989) (court should limit discovery sanctions to the least destructive form).

 Here, defendant ACI clearly failed to reveal the pending '724 patent application in its interrogatory response. Remarkably, ACI attempts to explain this omission by arguing that "defendants' local counsel in Kansas City that prepared the Interrogatory No. 8 response did not know that there was a pending application as it had been filed by Mr. Ronald C. Fish's office, who is co-counsel in this case, and did not inform the Kansas City counsel of the new patent application filing." Interrogatories are to be answered by *parties,* not attorneys. *See* Fed.R.Civ.P. 33 (titled "Interrogatories to Parties"). ACI has not offered any explanation as to why the individual who answered the interrogatories under oath did not know of the pending patent application. In addition, defendant Aker failed to reveal the pending patent application in his deposition. Mr. Aker stated in his deposition that there were a total of 5 patent applications and therefore represented that ACI's previous interrogatory response was correct.

Although the information withheld had only marginal relevance to the court's ruling on defendants' motion for summary judgment, such information clearly was discoverable and potentially relevant to issues in this case or likely to lead to the discovery of admissible evidence. Accordingly, the court will award to plaintiff, as sanctions against defendants, an amount equal to two times the attorneys' fees and expenses incurred by plaintiff in bringing its motion for reconsideration and discovery sanctions (Doc. # 75).

IT IS THEREFORE ORDERED that; plaintiff's motion for reconsideration of partial summary judgment (Doc. # 75) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions (Doc. # 75) is granted. Plaintiff shall serve and file an itemized statement of its attorneys' fees and expenses within 30 days. Defendants shall serve and file any objections within 10 days after service of plaintiff's statement of its fees and expenses.