**UNITED STATES of America, Plaintiff,**

v.

**Felix Lindsey O'NEAL, aka Flip O'Neal, aka Pete O'Neal, aka Gary O'Neal, Defendant.**

No. KC–CR–1204.
69–21204–EEO

United States District Court,
D. Kansas.

Sept. 18, 1998.

Robert S. Streepy, Office of United States Attorney, Kansas City, KS, for U.S.

Kurt D. Marquart, Kansas City, MO, Paul Joseph Magnarella, University of Florida, Gainesville, FL, for Felix Lindsey O'Neal.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on defendant's motion to reconsider and for oral argument (Doc. # 90). After careful consideration of the parties' briefs, the court is prepared to rule. As an initial matter, the court finds that oral argument would not be of material assistance in resolving the instant motion. Accordingly, defendant's request for oral argument is denied. For the reasons set forth below, defendant's motion will be denied.

### Factual Background

Defendant was convicted in 1970 of violating 18 U.S.C. § 922(g)(1) and sentenced to four years imprisonment. Defendant fled from the United States while his appeal was pending and remains a fugitive today. Earlier this year, defendant filed a petition for writ of error coram nobis, seeking to have his 1970 conviction vacated. On July 28, 1998, the court entered an order denying defendant's petition. In particular, the court refused to consider the merits of defendant's petition based on the disentitlement doctrine and defendant's failure to pursue his arguments on direct appeal. Defendant now seeks reconsideration.

### Standards For Motions To Reconsider

 A motion for reconsideration is the opportunity for the court to (1) correct manifest errors of law or fact; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in the law. See Cross Timbers Oil Co. v. Rosel Energy, Inc., 168 F.R.D. 649, 650 (D.Kan. 1996) (citing Major v. Benton, 647 F.2d 110,

112 (10th Cir.1981)). Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination. See Anderson v. United Auto Workers, 738 F.Supp. 441, 442 (D.Kan.1990); Refrigeration Sales Co., Inc. v. Mitchell–Jackson, Inc., 605 F.Supp. 6, 7 (N.D.Ill.1983), aff'd, 770 F.2d 98 (7th Cir.1985). A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance, or to rehash arguments previously considered and rejected by the court. A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. See Renfro v. City of Emporia, Kan., 732 F.Supp. 1116, 1117 (D.Kan.1990), aff'd, 948 F.2d 1529 (10th Cir. 1991).

### Analysis

Defendant first argues that the disentitlement doctrine should not be invoked to bar his petition because he fled the United States in 1970 based on threats on his life. Even if the court accepts as true defendant's statement that he reasonably feared for his life 28 years ago when he fled the country, such a statement does not explain at all defendant's continued absence from the country. The Supreme Court noted in a prison escape case that "in order to be entitled to an instruction on duress or necessity as a defense to the crime charged, an escapee must first offer evidence justifying his continued absence from custody as well as his initial departure and that an indispensable element of such an offer is testimony of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force." United States v. Bailey, 444 U.S. 394, 412–13, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980). Based on defendant's affidavit and memoranda, defendant does not currently fear for his life by returning to the United States—he simply fears imprisonment. Defendant has not offered any evidence suggesting that he attempted to return to the

custody of the court after the alleged death threats lost their coercive force.

In his motion for reconsideration, defendant notes (1) the sincerity of his belief in 1970 that his life was in danger if he remained in the United States and (2) his present living conditions in Tanzania. The critical fact ignored by defendant, however, is that defendant has no explanation for his continued absence from the United States other than his fear of imprisonment. In contrast to the defendants in *Ortega-Rodriguez v. United States*, 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993) and *United States v. Holmes*, 680 F.2d 1372 (11th Cir. 1982), where the defendants had been recaptured, the defendant here remains a fugitive today. Therefore, one of the primary reasons for applying the disentitlement doctrine—the likelihood that an order unfavorable to the defendant will be unenforceable— remains in this case.[1] The Supreme Court has stated:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

*Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (quoted in *United States v. O'Neal*, 453 F.2d 344, 345 (10th Cir.1972)).

Defendant argues that he may have no post-conviction remedy if the court does not reach the merits of his petition.[2] Defendant has placed himself in his present legal dilemma, however, by foregoing his direct appeal, leaving the country as a fugitive, and

failing to return to the United States after the alleged threats on his life ceased. Although defendant refers to the disentitlement doctrine as a "technicality," this doctrine advances several important principles of the American legal system including deterring escapes and maintaining the dignity and efficiency of the judicial system. *See Estelle v. Dorrough*, 420 U.S. 534, 537, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); *Lewis v. Delaware State Hosp.*, 490 F.Supp. 177, 182 (D.Del. 1980). The Tenth Circuit applied the doctrine in the instant action in 1972 to bar defendant's direct appeal. This court is now faced with a similar but even less compelling situation—defendant, still a fugitive, seeks review of his conviction even though he has no present fears for his safety in the United States. For the reasons stated above, as well as those stated in the court's July 28 order, the court will not reach the merits of defendant's petition.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration and oral argument (Doc. # 90) is denied.

---

1. Defendant concedes in the instant motion that if the court decides against defendant on the merits of his petition prior to his return to the United States, then he has the choice of whether to abide by the court's order and serve his prison term or remain in Tanzania.

2. Of course, many convicted defendants who actually are serving their prison terms can make

the very same argument because of the time limitations now set forth in 28 U.S.C. § 2255. Section 2255 provides that motions to vacate, set aside, or correct sentences by prisoners in custody generally must be made within one year of the date on which the judgment of conviction becomes final.