HUGHES ET AL. v. THOMPSON

No. A-719. Decided January 25, 1974

MR. JUSTICE DOUGLAS, Circuit Justice.

This motion for leave to file a petition for writ of mandamus and/or prohibition has been presented to me after a like motion was denied by the Court of Appeals on January 24, 1974. The matter concerns proceedings before the United States District Judge in Reno, Nevada, scheduled for a hearing at 9:30 a. m. P. d. t. today, January 25, 1974, which is only a little more than an hour from the time in which I write this short opinion.

The movants have been indicted for alleged manipulation of the stock of an airline company prior to its acquisition about five years ago—an acquisition which was approved by the Civil Aeronautics Board. Movants have filed with the District Court a motion to dismiss the indictment on the grounds that it does not state facts sufficient to constitute any offense against the United States and fails to inform movants of the nature of the cause of the accusation within the meaning

of the Sixth Amendment to the Constitution. Movants desire that their motion to dismiss be ruled upon prior to the arraignment. They asked the District Judge for a stay of all proceedings until the motion to dismiss the indictment was ruled upon. This stay was denied by the District Judge and, as noted, the Court of Appeals denied relief.

In cases such as the present one, where the factor of time is all important, it is customary (where possible) to consult other members of the Court before acting so that if there is a member of the Court available who feels that relief should be granted that fact can be taken into consideration. If, however, none of the Justices available feel relief should be granted then the prior consultation with those who are available is some aid to counsel seeking the relief.

Some Members of the Court are out of the city at the present time, as the Court is in recess. I have talked with five who are present and they are of the opinion that the motion to file should be denied. That is my view. Under the Federal Rules of Criminal Procedure the question of the sufficiency of the indictment "shall be noticed by the court at any time." Rule 12 (b)(2). Whether the motion should be disposed of prior to the arraignment rests in the sound discretion of the District Court.* The District Court certainly has the power to follow that course and sometimes it may be important to prevent harassment or the use of other unconstitutional procedures against an accused. But it would take an extremely unusual case for an appellate judge to direct a district judge that he should exercise his discretion by postponing

---

*Mandatory language directing when a motion shall be ruled upon is contained in Fed. Rule Crim. Proc. 12 (b)(4) which states that a motion raising defenses or objections "shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue."

an arraignment until after the motion to dismiss the indictment has been resolved. As stated in *Costello* v. *United States,* 350 U. S. 359, 364:

> "In a trial on the merits, defendants are entitled to a strict observance of all the rules designed to bring about a fair verdict. Defendants are not entitled, however, to a rule which would result in interminable delay but add nothing to the assurance of a fair trial."

*Motion denied.*