John J. HINES, Plaintiff,

v.

Kathy GRAHAM, et al., Defendants.

Civil Action No. 1:03–CV–152–C.

United States District Court,
N.D. Texas,
Abilene Division.

June 8, 2004.

John J. Hines, Abilene, TX, Pro Se.

### MEMORANDUM OPINION

CUMMINGS, District Judge.

On August 15, 2003, Plaintiff John J. Hines, acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and was granted permission to proceed *in forma pauperis*. He named twenty-one (21) defendants and alleged that he had been "mentally and emotionally" abused, verbally harassed, retaliated against for filing grievances, denied equal protection, and denied the right to freely practice his religion. He requested injunctive relief, declaratory relief, and monetary damages. The Defendants have not been served.

### MOTION TO CONSOLIDATE

On September 8, 2003, Plaintiff filed a motion to consolidate the instant civil rights complaint with Civil Action Nos. 1:03–CV–075–C and 1:03–CV–082–C and argued that the instant complaint "is a product" of those civil actions. Civil Action No. 1:03–CV–082–C was consolidated with Civil Action No. 1:03–CV–075–C by Order dated July 7, 2003, and Civil Action No. 1:03–CV–075–C was dismissed with prejudice as frivolous and for failure to state a claim by Order and Judgment dated October 17, 2003. Plaintiff did not file an appeal.

Accordingly, the Court finds that Plaintiff's motion to consolidate should be denied in all things.

### COMPLAINT IN CIVIL ACTION NO. 1:03–CV–152–C

Plaintiff was granted permission to proceed *in forma pauperis* by Order dated August 25, 2003.

When a prisoner seeks to proceed *in forma pauperis*, the Court shall evaluate the complaint and dismiss it without service of process, if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

"In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the

court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153,* 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein,* 923 F.Supp. 931, 942–43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153,* 23 F.3d at 97.

"Dismissals under the *in forma pauperis* statute are in a class of their own, acting not as dismissals on the merits but, rather, as denials of *in forma pauperis* status." *Marts v. Hines,* 117 F.3d 1504, 1505 (5th Cir.1997). "Exceptions include[ ] complaints containing claims which, on their face, [are] subject to an obvious meritorious defense, or instances in which the plaintiff was given an opportunity to expound on the factual allegations by a *Watson* questionnaire or a *Spears* hearing and could not assert a claim with an arguable factual basis, or claims without an arguable basis in law." *Id.* (footnotes omitted). *See Watson v. Ault,* 525 F.2d 886, 892 (1976) (holding that a questionnaire may be used to assist the court in determining whether cases should be dismissed under 28 U.S.C. § 1915); *Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985) (holding that an evidentiary hearing may be used to develop the factual basis of a prisoner complaint).

In his original complaint, Plaintiff stated in part that

> [i]n May 2003, when I filed my first lawsuit things started to happen between myself and staff, they all started picking on me, then I filed another lawsuit because Seevers along with staff started really harassing me and mentally abusing me. [T]hen I submitted my next lawsuit on medical.... I started having officers named as deliberately calling me names, they started picking on me because I'm gay. I[am] locked in a solitary confinement cell. My door is beat on all hours of the nite [*sic* ]. I have the defendants pulling me out of my cell, making me stand naked in the outside rec yard at 3 AM in the morning....

Plaintiff filled two and one-half pages with these vague, conclusory allegations. He requested that this Court order an injunction to stay all his disciplinary proceedings, stay all the behind-the-door punishments, force the Taylor County Jail to develop a better policy for treating mentally ill inmates, force the Taylor County Jail Medical Unit to change policies, force the Taylor County Jail to post all policies in the law library, and refrain from retaliating against inmates who file grievances and civil actions. He also requested monetary damages of $20,000.00 against each defendant and "1 million" in punitive damages against each defendant "or whatever the court deems proper to give." Finally, Plaintiff requested that Taylor County Jail take him to see a "mental health doctor"

and a medical doctor as soon as possible because his needs were not being met at the Taylor County Jail.

Although *pro se* litigants are entitled to have their complaints liberally construed, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Supreme Court has determined that the "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants," *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading in a federal civil case set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *Gordon v. Green*, 602 F.2d 743, 744 (5th Cir.1979). Recognizing that "[p]risoner complaints, more often than not, are difficult to decipher," the Fifth Circuit Court of Appeals "has insisted that when it is not apparent from the face of the complaint whether the prisoner's contentions are frivolous or not, the district court should make an effort to develop the known facts until satisfied that either the claims have merit or they do not." *Parker v. Carpenter*, 978 F.2d 190, 191 (5th Cir. 1992). "The difficult task is 'winnowing out the wheat from the unusual amount of chaff necessarily presented in a system which fosters pro se litigation.'" *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

By Order dated September 4, 2003, this Court determined that Plaintiff had failed to provide "specific information about each named defendant" and ordered Plaintiff to answer a questionnaire. *See id.* ("A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Plaintiff was instructed to "answer the ... questions completely."

Plaintiff signed his answers "under penalty of perjury," dated his answers to the questionnaire "September 10, 2003," and filed his answers on September 12, 2003.

In Question 1 of the questionnaire, Plaintiff was instructed to provide "the date, time, and place of the alleged unconstitutional acts committed by [each] defendant; a specific description of the acts; and a specific description of how [he was] harmed by each act." In his answer to Question 1, however, Plaintiff provided no dates, times, and places; no specific descriptions of each defendant's allegedly unconstitutional act(s); and only general allegations of mental and emotional injuries. Indeed, Plaintiff provided only the following conclusory information:

(1) Defendants Seevers, Galloway, Griffin, Coleman, and Nurse Janet "do not bother me [any]more";

(2) Defendant Graham neither followed the jail rules nor insured that other jailers followed the rules, and she retaliated against Plaintiff because he filed a grievance against her;

(3) Defendant Jack Dieken, who is the final policymaker for Taylor County, denied all Plaintiff's grievances, and allowed his staff to mentally abuse Plaintiff;

(4) Defendant Burns retaliated against Plaintiff because he was named in one of Plaintiff's grievances and two of Plaintiff's other lawsuits, and he refused to take action on Plaintiff's grievances;

(5) Defendant Franklin refused to let Plaintiff file grievances because they are simply "complaints"; she refused to address Plaintiff's grievances; and she retaliated against him because he filed a grievance against her;

(6) Defendant Mills refused to tell his shift of jailers to stop calling Plaintiff names and beating on his cell door;

(7) Defendant Strickland mentally abused Plaintiff, damaged his property, and retaliated against him;

(8) Defendant Irion refused to prevent his employees from calling Plaintiff names and beating on his cell door;

(9) Defendant Black called Plaintiff names, harassed him, beat on his cell door, and retaliated against Plaintiff because he complained about his behavior;

(10) Defendant Wyler kicked and beat on Plaintiff's cell door, told Plaintiff to "drop his lawsuits or else," and retaliated against him because Plaintiff complained about his behavior;

(11) Defendant Smith searched his cell twenty-three (23) times in a twenty (20) day period in retaliation for Plaintiff filing grievances and lawsuits, and he opened Plaintiff's mail without his permission;

(12) Defendant Mitchell, along with Defendant Smith, searched Plaintiff's cell twenty-three (23) times in a twenty (20) day period and retaliated against Plaintiff because he filed a grievance against him;

(13) Defendant Hughes retaliated against Plaintiff because he named him in a grievance and he beat on Plaintiff's cell door;

(14) Defendant Martinez "wrote up" Plaintiff because he had filed a complaint against Martinez because he made Plaintiff move his own property despite his bad back, and he called Plaintiff names;

(15) Defendant Johnson "made fun of" Plaintiff and his religion, told Plaintiff that he had contaminated his food, and denied Plaintiff equal protection by denying him the right to freely practice his religion;

(16) Defendant Sutton "made fun" of Plaintiff's religion, retaliated against him, and denied him equal protection; and

(17) Defendant Havens lied to Plaintiff and insured that he was mentally abused and harassed. Other examples of Plaintiff's failure to provide specific, complete information include the following:

Question (4) Name the defendants who were a part of the conspiracy against you and how you know that there was a conspiracy.

.... Just the way the punishment took place and how I was stuck in this mental cell and when I asked why nobody wanted to tell me the truth....

Question (8) When were you denied the right to practice your religion?

It varies from month to month, week to week, sometimes I am okay [and] sometimes its [*sic*] not okay.

Question (10) Have you suffered any injuries other than your alleged "mental and emotional" injuries?

No.

In deference to his *pro se* status, a *pro se* plaintiff's complaint is ordinarily dismissed without prejudice when he fails to provide specific information in order to given him an opportunity to file an amended complaint. *Rodriguez v. United States,* 66 F.3d 95, 97 (5th Cir.1995). When a *pro se* plaintiff, however, has been given ample opportunity to amend his pleadings but has failed to properly amend them, a district court is justified in dismissing the complaint with prejudice. *Id.* at 98. *See Gordon v. Green,* 602 F.2d at 747 (finding that a complaint could be dismissed with prejudice for violation of Rule 8 when the plaintiff failed to file an amended complaint that complied with the rule).

"[S]ection 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 n. 3 (5th Cir.1999). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an individual "acting under color of state law" caused the deprivation of a

right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Scott v. Moore,* 85 F.3d 230, 232 (5th Cir.1996).

Construing Plaintiff's pleadings liberally and assuming that his factual allegations are true, the Court finds that Plaintiff's complaints should be dismissed with prejudice as malicious, frivolous, and for failure to state a claim. *Booker v. Koonce,* 2 F.3d 114, 117, (5th Cir.1993).

### 1. Official Capacity Claims

To the extent that Plaintiff is suing the named defendants in their official capacities as employees of Taylor County, his suit is merely a suit against the county. *Bennett v. Pippin,* 74 F.3d 578, 584 (5th Cir.1996). A county "may not be sued under § 1983 for an injury inflicted solely by its employees or agents"; rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [42 U.S.C.] § 1983." *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ To succeed on his claims against the Defendants in their official capacities, Plaintiff must show that (1) a county employee "violated his clearly established constitutional rights with subjective deliberate indifference; and (2) this violation resulted from a [county] policy or custom adopted and maintained with objective deliberate indifference." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 528–29 (5th Cir.1999). Plaintiff must "prove a direct causal link between the [county] policy and the constitutional deprivation; then [he] must establish that the [county] consciously enacted a policy reflecting 'deliberate indifference' to the constitutional rights of its citizens." *Snyder v. Trepagnier,* 142 F.3d 791, 795–96 (5th Cir.1998).

■ Plaintiff does not argue or even allege that Taylor County or a county official consciously enacted a custom or policy which caused the alleged violations of his constitutional rights. *See Conner v. Travis County,* 209 F.3d 794, 796 (5th Cir. 2000) (citing *City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)) ("Counties and supervisors are not liable for constitutional violations committed by county employees unless those violations resulted directly from a [county] custom or policy."). "Congress did not intend to impose liability on a municipality unless deliberate action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." *Board of County Comm'rs of Bryan County, Okla. v. Brown,* 520 U.S. 397, 400, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Accordingly, the Court finds that Plaintiff has failed to allege any facts or present any evidence to support his claims for § 1983 liability against Defendants in their official capacities.

### 2. Individual Capacity Claims

As for Plaintiff's claims against Defendants in their individual capacities, he must demonstrate that each defendant was personally involved in a deprivation of his constitutional rights because "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir.1983). "Section 1983 does not create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir.2002).

#### (a) Malicious Claims

■ When an inmate raises claims in a § 1983 complaint that duplicate claims in a pending suit by the same inmate, such claims may be dismissed under 28 U.S.C.

§ 1915 as malicious. *Pittman v. Moore,* 980 F.2d 994, 994–95 (5th Cir.1993).

In this civil action, Plaintiff named Jack Dieken, Sheriff of Taylor County, Texas; Brian Burns, Grievance Officer at the Taylor County Jail; FNU Franklin, Captain at the Taylor County Jail; FNU Seevers, a jailer at the Taylor County Jail; and Janet LNU, a nurse at the Taylor County Jail, *inter alia,* as Defendants. He had previously named Defendant Dieken in Civil Action Nos. 1:03–CV–075–C, 1:03–CV–082–C, and 1:03–CV–123–C; Defendant Burns in Civil Action Nos. 1:03–CV–075–C and 1:03–CV–082–C; Defendant Franklin in Civil Action Nos. 1:03–CV–075–C and 1:03–CV–082; Defendant Seevers in Civil Action Nos. 1:03–CV–075–C and 1:03–CV–082–C; and Defendant Janet LNU in Civil Action No. 1:03–CV–123–C.

In Civil Action No. 1:03–CV–075–C (as consolidated with 1:03–CV–082–C), Plaintiff complained that Sheriff Dieken had denied his grievances and appeals, called him names, and threatened him with retaliation. In the instant complaint, Plaintiff alleges that Sheriff Dieken · denied his grievance appeals, refused to answer his grievances, threatened to retaliate against Plaintiff, called Plaintiff names, and refused to stop his employees from mentally abusing Plaintiff.

In Civil Action No. 1:03–CV–075–C (as consolidated with 1:03–CV–082–C), Plaintiff complained that Grievance Officer Burns had distorted information in his grievances, pressured other inmates to give false testimony against Plaintiff, tried to get a shank planted in Plaintiff's cell, and conspired with Officer Seevers to retaliate against Plaintiff. In the instant civil action, Plaintiff contends that Officer Burns distorted his grievances, refused to address his complaints about mental abuse, and conspired to retaliate against and mentally abuse Plaintiff.

In Civil Action No. 1:03–CV–075–C (as consolidated with Civil Action No. 1:03–CV–082–C), Plaintiff alleged that Officer Seevers had retaliated against him for filing a lawsuit, called him names, harassed him, conspired with other jail employees to blame problems on Plaintiff, and falsely accused Plaintiff of violating jail rules by having two razors in his cell. In the instant civil action, Plaintiff argued in the original complaint that Officer Seevers made "fun" of him, called him names, wrote him false disciplinary cases, and cursed at him; but when he filed his answers to the questionnaire, Plaintiff stated that Officer Seevers no longer "bothered" him.

In Civil Action No. 1:03–CV–075–C (as consolidated with Civil Action No. 1:03–CV–082–C), Plaintiff contended that Captain Franklin had mentally abused him by. denying him due process in prison disciplinary proceedings, calling him names, and telling him that his grievances were only "complaints." In the instant civil action, Plaintiff complained that Captain Franklin mentally abused him by calling him names, telling him that his grievances were only "complaints," and telling him that he "was wrong" but she was correct.

In Civil Action No. 1:03–CV–023–C, Plaintiff complained that "Nurse Janet" had denied him medical treatment and conspired to retaliate against him for filing a lawsuit. In the instant civil action, Plaintiff alleged in his original complaint that "Nurse Janet" mentally and emotionally abused him, denied him medical treatment, and retaliated against him for filing a lawsuit; but in his answers to the questionnaire, Plaintiff stated that Nurse Janet no longer "bothered" him.

Clearly, Plaintiff's claims against Defendants Dieken, Burns, Seevers, Franklin, and "Nurse Janet" in the instant civil action are duplicative of claims raised in his

earlier Civil Action Nos. 1:03–CV–075–C and 1:03–CV–123–C, and should be dismissed with prejudice as malicious. *Mayfield v. Collins,* 918 F.2d 560, 561 (5th Cir.1990); *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988). *See Marts v. Hines,* 117 F.3d 1504, 1506 (5th Cir.1997) (holding that a claim dismissed as malicious under the IFP statute should be with prejudice).

#### (b) Frivolous Claims

■ The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." *Robertson v. Plano City of Texas,* 70 F.3d 21, 24 (5th Cir.1995). Likewise, claims of verbal abuse and harassment are not actionable under § 1983. *Bender v. Brumley,* 1 F.3d 271, 274 n. 4 (5th Cir. 1993). Thus, Plaintiff's complaints of verbal abuse, harassment, and threats should be dismissed with prejudice as frivolous.

■ To the extent that Plaintiff complains that certain Defendants failed to answer his jail grievances or denied his grievances and the appeals, he has not demonstrated that he had a constitutionally protected interest in the Taylor County Jail grievance procedures. *See Piper v. Alford,* No. 3:02–CV–2640–P, 2003 WL 21350215, at *2 (N.D.Tex., June 4, 2003) (holding that a jail inmate "does not have a constitutional entitlement to an adequate grievance procedure" and the ineffectiveness or even absence of a grievance procedure does not give rise to a constitutional claim). *See also Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liber-

ty interest protected by the Due Process Clause."); *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir.1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure."). *Cf. Gartrell v. Gaylor,* 981 F.2d 254, 259 (5th Cir.1993) (noting that the Fifth Circuit "has recognized that a prisoner may have a protected liberty interest in prison grievance procedures"). Hence, Plaintiff's complaints about the jail grievance proceedings should be dismissed with prejudice as frivolous.

■ Finally, to the extent that Plaintiff has requested monetary damages for mental and emotional injuries, he has not demonstrated that he suffered any physical injuries as a result of any of his alleged constitutional violations. Under 42 U.S.C. § 1997e(e), enacted as a part of the Prison Litigation Reform Act ("PLRA") in 1996, an inmate "may not recover for emotional or mental damages without a showing of a specific physical injury." *Herman v. Holiday,* 238 F.3d 660, 665 (5th Cir.2001). *See Crawford–El v. Britton,* 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (noting that the PLRA contains a provision barring "suits for mental or emotional injury unless there is a prior showing of physical injury"). *But see Oliver v. Scott,* 276 F.3d 736, 747 n. 20 (5th Cir.2002) (noting that the Fifth Circuit Court of Appeals has applied the PLRA's damage limits in § 1997e(e) only to prisoners' alleged claims of cruel and unusual punish-

ment under the Eighth Amendment and has not considered its applicability to constitutional violations usually unaccompanied by physical injury, such as First Amendment retaliation claims, privacy claims, and equal protection claims).

Accordingly, Plaintiff's request for monetary damages resulting only from mental and emotional injuries should be denied with prejudice as frivolous. *See Herman v. Holiday,* 238 F.3d at 666 (holding that a plaintiff was not entitled to money damages as a matter of law on his claim for mental and emotional stress due to an increased risk of illness, cold showers, cold food, unsanitary dishes, insect problems, inadequate clothing, and the presence of an open cesspool near the housing unit because he did not allege any physical injuries resulting therefrom); *Harper v. Showers,* 174 F.3d at 719 (finding that a prisoner complaining about his placement in administrative segregation failed to demonstrate a physical injury as required by § 1997e(e) sufficient to support a claim for monetary damages); and *Jones v. Greninger,* 188 F.3d at 326 (finding that an inmate's request for monetary damages on a failure to protect claim was barred by § 1997e(e) because he did not allege any physical injury).

"The prohibitive feature of § 1997e(e), requiring physical injury before recovery, does not apply[, however,] in the context of requests for declaratory or injunctive relief sought to end an allegedly unconstitutional condition of confinement." *Herman v. Holiday,* 238 F.3d at 665.

#### (c) Failure to State a Claim

To the extent that Plaintiff complains about retaliation, conspiracy, religious freedom, and equal protection, he has failed to state claims upon which relief can be granted despite having been given the opportunity to amend his pleadings. *See Rodriguez v. United States,* 66 F.3d at 98 (holding that dismissal of a *pro se* complaint for failure to state a claim should generally be without prejudice but if the plaintiff has been given an opportunity amend his complaint and fails to do so, the dismissal may be with prejudice).

█ Plaintiff argues that many of the Defendants retaliated against him for his good faith use of the grievance procedures and filing lawsuits. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger,* 188 F.3d at 324–25. "[I]f the [prisoner] is unable to point to a specific constitutional right that has been violated, the claim will fail." *Id.* at 325. "The [prisoner] must allege more than his personal belief that he is the victim of retaliation," *id.;* rather, he "must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred[,]'" *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995) (quoting *Cain v. Lane,* 857 F.2d 1139, 1143 n. 6 (7th Cir.1988)). Finally, "causation" requires the prisoner to show that "but for the retaliatory motive the complained of incident . . . would not have occurred." *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir.1997). "This places a significant burden on the [prisoner]." *Woods v. Smith,* 60 F.3d at 1166.

█ Plaintiff has failed to carry this significant burden. Even though given the opportunity to expound on his retaliation claims, Plaintiff offers only his own conclusory opinion that the Defendants had a retaliatory motive, and he offers no evidence that the grievances or lawsuits "caused" Defendants to engage in taunting, threatening, or the filing of disciplinary actions. Plaintiff's "[b]are allegations

of malice do not suffice to subject" the Taylor County Jail employees "either to the costs of trial or the burdens of broad-reaching discovery." *Al–Ra'id v. Ingle,* 69 F.3d 28, 33 (5th Cir.1995). Accordingly, the Court finds that Plaintiff's conclusory allegations of retaliation are insufficient to establish a constitutional claim for retaliation. *See Holloway v. Hornsby,* 23 F.3d 944, 945 (5th Cir.1994) (affirming the district court's dismissal as frivolous of a § 1983 complaint alleging denial of access to prison grievance procedures and being subjected to threats and taunts in retaliation for filing prior grievances).

To establish a conspiracy claim cognizable under § 1983, a prisoner must demonstrate (1) an agreement between persons acting under color of state law to commit an illegal act, and (2) an actual deprivation of the prisoner's constitutional rights in furtherance of the agreement. *Hale v. Townley,* 45 F.3d 914, 920 (5th Cir.1995). Conclusory allegations of conspiracy will not support a claim under § 1983. *Wilson v. Budney,* 976 F.2d 957, 958 (5th Cir. 1992). *See Young v. Biggers,* 938 F.2d 565, 569 (5th Cir.1991) (holding that a civil rights claim of conspiracy must include allegations of specific operative facts). Plaintiff has presented no evidence of an agreement between any of the defendants and therefore his claim is conclusory.

 To establish a claim for violation of his constitutional right to practice his religion under § 1983, a prisoner must show that he was completely denied the right to practice his religion or that the restrictions or prohibitions placed on the practice of his religion were not "rationally related to the achievement of valid penological goals such as security and inmate identification." *Hicks v. Garner,* 69 F.3d 22, 25 (5th Cir.1995). When asked to expound upon his complaints about the interference with his right to freely practice his religion, Plaintiff stated that he was not provided "non-meat food trays." When asked to explain when he was denied his right to practice his religion, he stated that this occurred at varying times "from month to month, week to week, sometimes I'm okay, sometimes its not okay." This conclusory, vague allegation is wholly insufficient to state a claim for a violation of his First Amendment right to freely practice his religion.

 To the extent that Plaintiff complains that he was denied equal protection of the law, he must prove that a defendant "created two or more classifications of similarly situated prisoners that were treated differently, . . . and (2) that the classification had no rational relation to any legitimate governmental objective." *Stefanoff v. Hays County, Tex.,* 154 F.3d 523, 527 (5th Cir.1998) (citations omitted). The plaintiff must demonstrate that a defendant acted with a "discriminatory purpose." *Woods v. Edwards,* 51 F.3d 577, 580 (5th Cir.1995). "Discriminatory purpose . . . implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *Id.* (quoting *United States v. Galloway,* 951 F.2d 64, 65 (5th Cir.1992)). "The existence of a discoverable group or classification antedating the challenged state action is a *sine qua non* for proving purposeful discrimination; it cannot tenably be maintained that the state selected a particular course of action to harm an 'identifiable group' when that body did not exist until *after* the state acted." *Id.* at 307 (emphasis in original). Prisoners are a class within the general population, but "prisoners *qua* prisoners" are not a "discoverable group or class." *Id.* at 307 n. 10. *See Carson v. Johnson,* 112 F.3d 818, 821–22 (5th Cir.1997) ("Neither prisoners nor indigents constitute a suspect class."). "Disparate impact alone

cannot suffice to state an Equal Protection violation; otherwise, any law could be challenged on Equal Protection grounds by whomever it has negatively impacted." *Johnson v. Rodriguez,* 110 F.3d 299, 306 (5th Cir.1997). Construing Plaintiff's complaint liberally, he may have demonstrated a "disparate impact," but he most certainly has not demonstrated the existence of a "discoverable group or classification antedating the challenged actions." Accordingly, he has failed to state a claim for violation of his constitutional right to equal protection.

▬▬ As for Plaintiff's general complaints about the conditions of his incarceration in the Taylor County Jail, he must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that [Taylor County] officials were deliberately indifferent to his need[s]...." *Newton v. Black,* 133 F.3d 301, 308 (5th Cir.1998). The deliberate-indifference "requirement is satisfied if the official is both 'aware of facts from which the inference could be drawn that a substantial risk of harm exists,' and that official actually draws the inference." *Horton v. Cockrell,* 70 F.3d 397, 401 (5th Cir.1995) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). "[T]he 'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir.2001) (quoting *Farmer v. Brennan,* 511 U.S. at 838, 114 S.Ct. 1970). "Deliberate indifference is an extremely high standard to meet." *Id.* The legal conclusion of deliberate indifference must rest on facts clearly evincing "obduracy and wantonness, not inadvertence or error in good faith." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Plaintiff presented absolutely no facts to demonstrate that he "was incarcer-

ated under conditions posing a substantial risk of serious harm."

For these reasons, the Court finds that Plaintiff has failed to state a claim for which relief can be granted for his claims of retaliation, conspiracy, free exercise of his religious beliefs, and denial of equal protection, and he has failed to demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm to his health or safety.

## MOTION TO VOLUNTARILY DISMISS

Plaintiff filed a motion to voluntarily dismiss the instant complaint on September 11, 2003, before the Defendants filed an answer and after the Court had ordered him to complete a questionnaire so that his complaint could be screened pursuant to 28 U.S.C. §§ 1915 and 1915A. He argued that his complaint should be dismissed because he could "not prove no [*sic*] set of facts at this point."

▬▬ The Supreme Court of the United States has determined that

[Federal Rule of Civil Procedure] 41(a)(1) permits a plaintiff to dismiss an action without prejudice only when he files a notice of dismissal before the defendant files an answer or motion for summary judgment and only if the plaintiff has never previously dismissed an action "based on or including the same claim." Once the defendant has filed a summary judgment motion or answer, the plaintiff may dismiss the action only by stipulation, Rule 41(a)(1)(ii), or by order of the court, "upon such terms and conditions as the court deems proper," Rule 41(a)(2). If the plaintiff invokes Rule 41(a)(1) a second time for an "action based on or including the same claim," the action must be dismissed with prejudice.

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). "[T]he purpose of [Rule 41(a)(1)] is to permit a plaintiff to take the case out of court at an early stage if no other party will be prejudiced." *Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 662 (5th Cir.1979). Thus, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging*, 279 F.3d 314, 317 (5th Cir.2002).

Plaintiff filed his motion to voluntarily dismiss this complaint before the Defendants filed an answer or motion for summary judgment; hence, Plaintiff's motion to voluntarily dismiss his complaint is governed by Rule 41(a)(1)(i). Because "the plain terms of Rule 41(a)(1)(I) establish ... that a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion[,]" it appears that this Court must grant Plaintiff's motion to voluntarily dismiss his complaint. *Carter v. United States*, 547 F.2d 258, 259 (5th Cir.1977). The Fifth Circuit Court of Appeals has previously stated that a district court does not have the discretion to take any action but grant a motion to dismiss filed by a prisoner prior to the filing of an answer or motion for summary judgment by an adverse party, but the Fifth Circuit did not address the relationship between Rule 41(a)(1) and the prisoner litigation provisions enacted by the PLRA. *Thomas v. Phillips*, 83 Fed.Appx. 661 (5th Cir.2003).

■ The first sentence of Rule 41(a)(1) provides that "[s]ubject to the provisions of Rule 23(e), of Rule 66, and **of any statute of the United States,** an action may be dismissed by the plaintiff without order of court...." Fed.R.Civ.P. 41(a)(1) (West 2004) (emphasis added). Furthermore, the Fifth Circuit Court of Appeals

has "recognized that where a conflict exists between a Rule and a statute, the most recent of the two prevails." *United States v. Wilson*, 306 F.3d 231, 236 (5th Cir.2002) (citing *Jackson v. Stinnett*, 102 F.3d 132, 134–36 (5th Cir.1996)). Thus, "[a] statute that takes effect after the effective date of a federal rule repeals the rule to the extent that it actually conflicts." *United States v. Westbrook*, 119 F.3d 1176, 1185 (5th Cir.1997).

■ The Prison Litigation Reform Act ("PLRA") was enacted in April 1996 after the effective date of Rule 41(a)(1); therefore, this Court must determine the effect of the PLRA on Rule 41(a)(1). *See Summner v. Tucker*, 9 F.Supp.2d 641, 643 (E.D.Va.1998) ("Thus, while [plaintiff] enjoys a right to voluntarily dismiss the [§ 1983] action, the right is subject to the provisions of the Prison Litigation Reform Act....").

"In passing the [PLRA], Congress 'was obviously concerned that the limited resources of the federal judiciary not be expended on cases whose frivolity was manifest, but whose sheer numerosity represented a formidable and time consuming task.'" *Id.* (quoting *Roller v. Gunn*, 107 F.3d 227, 230 (4th Cir.1997)). *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Section 1915(d)[, superseded by § 1915(e)(2) after the enactment of the PLRA,] [wa]s designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."). The PLRA "contains provisions that should discourage prisoners from filing claims that are unlikely to succeed." *Crawford–El v. Britton*, 523

U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).

The *in forma pauperis* statute as amended by the PLRA directs that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case *at any time* if the court determines that ... the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (1996) (emphasis added).

The Congress also enacted 28 U.S.C. § 1915A, which is directly applicable to prisoner litigation and provides that

(a) Screening.—The court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.—On review, the court *shall* identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b) (1996) (emphasis added). *See Crawford–El v. Britton,* 523 U.S. at 596–97, 118 S.Ct. 1584 (noting that § 1915A "directs district courts to screen prisoners' complaints before docketing and authorizes the court on its own motion to dismiss 'frivolous,' 'malicious,' or meritless actions").

Furthermore, in 42 U.S.C. § 1997e, captioned "Suits by prisoners," Congress provided that

[t]he court *shall* on its own motion or on the motion of a party dismiss any action brought with respect to prison condi-

tions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. § 1997e(c) (2003) (emphasis added).

 Thus, in three different statutory provisions, Congress has provided that a court *shall* dismiss a prisoner's complaint if the court determines that the complaint is frivolous, malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from an immune defendant. In Black's Law Dictionary, the word "shall" is defined as follows:

As used in statutes, contracts, or the like, this word is generally imperative or mandatory. In common or ordinary parlance, and in its ordinary signification, the term "shall" is a word of command, and one which has always or which must be given a compulsory meaning; as denoting obligation. The word in ordinary usage means "must" and is inconsistent with a concept of discretion.

*Black's Law Dictionary* 1375 (6th ed.1990). The Supreme Court has also recognized that use of the word "shall" is "language of an 'unmistakably mandatory character.' " *Hewitt v. Helms,* 459 U.S. 460, 471–72, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). *See United States v. Monsanto,* 491 U.S. 600, 607, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989) ("Congress could not have chosen stronger words[, that is, 'shall order,'] to express its intent that forfeiture be mandatory in cases where the statute applied...."); *Puerto Rico v. Branstad,* 483 U.S. 219, 223–27, 107 S.Ct. 2802, 97 L.Ed.2d 187 (1987) (holding that the use of the word

"shall" in the Extradition Clause and the Extradition Act creates a "mandatory duty"); *Board of Pardons v. Allen,* 482 U.S. 369, 377, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987) (holding that a state's use of the word "shall" is mandatory language); and *Hughes v. Thompson,* 415 U.S. 1301, 1302, 94 S.Ct. 829, 39 L.Ed.2d 93 (1974) (opinion in chambers, J. Douglas) ("Mandatory language directing when a motion shall be ruled upon is contained in Fed. Rule Crim. Proc. 12(b)(4) which states that a motion raising defenses or objections 'shall be determined before trial unless the court orders that it be deferred for determination at the trial of general issue.' "). *But see Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 432–33 n. 9, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995) (internal citations omitted) ("Though 'shall' generally means 'must,' legal writers sometimes use, or misuse, 'shall' to mean 'should,' 'will,' or even 'may.' ... For example, certain of the Federal Rules use the word 'shall' to authorize, but not to require, judicial action. *See, e.g.,* Fed. Rule Civ. Proc. 16(e) ('The order following a final pretrial conference *shall* be modified only to prevent manifest injustice.') (emphasis added); Fed. Rule Crim. Proc. 11(b) (A *nolo contendere* plea '*shall* be accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice.') (emphasis added)."). Sections 1915(e), 1915A, and 1997e use the word "shall" to require that a court screen a complaint before an answer is filed and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant; thus, the use of the word "shall" implies that the screening is mandatory. Rule 41(a)(1), however, uses the word "may" to give a defendant the privilege of filing a motion to dismiss and there is nothing in the statute that indicates that a court must grant the motion to dismiss. Congress is presumed to know the difference between a discretionary "may" and the mandatory "shall."

More important, however, is the fact that allowing a prisoner to voluntarily dismiss a complaint during screening and especially after the screening has been completed will allow prisoners to frustrate Congress's intent behind enacting the PLRA.

Congress intended the PLRA as a whole to reduce prisoner litigation. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 113 (3d Cir.2002). The PLRA specifically added 28 U.S.C. § 1915(g) to the *in forma pauperis* statute to provide that a prisoner may not proceed *in forma pauperis* in a civil action "if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim." *Carson v. Johnson,* 112 F.3d 818, 819 (5th Cir.1997). "This provision often is referred to as the 'three strikes' provision." *Id.* (quoting *Adepegba v. Hammons,* 103 F.3d 383, 385 (5th Cir.1996)). By enacting this three-strikes or "frequent filer" provision, "Congress simply decided that the government need not subsidize these prisoners' lawsuits and appeals." *Rivera v. Allin,* 144 F.3d 719, 725 (11th Cir.1998). Indeed, " § 1915(g) does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status." *Rodriguez v. Cook,* 169 F.3d 1176, 1180 (9th Cir.1999).

The Eighth Circuit Court of Appeals has noted that

[b]ecause prisoners, even under the PLRA, initially pay a reduced filing fee (they receive, in effect, an interest free loan to pay the full filing fee), *see* 28 U.S.C. § 1915(b), and because prisoners have excessive amounts of free time on their hands, they are more likely than paying plaintiffs to file meritless suits.

By allowing district courts to dismiss all meritless claims before service of process and without giving leave to amend, the statute reduces the cost of those suits to the judicial system.

Even more importantly, however, because under the PLRA prisoners can file only three frivolous, malicious, or meritless suits at the initially reduced rate, *see* 28 U.S.C. § 1915(g), the provision, by increasing the likelihood that a prisoner's meritless claim will be dismissed, raises the expected cost to the prisoner of each such filing by pushing him or her one step closer to initially having to pay the full filing fee. Thus ... the provision both reduces the burdens on the judicial system and increases the cost to prisoners of filing meritless claims....

*Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir.1998). *See Rodriguez v. Cook*, 169 F.3d at 1180 (noting that § 1915(g) requires prisoners to be "fiscally responsible" and "make decisions concerning the merits of their case[s]" before filing).

If a prisoner is allowed to dismiss his complaint without prejudice after he has been asked to amend the complaint because he failed to state a claim or after a magistrate judge has entered findings and conclusions which recommend summary dismissal of his complaint under §§ 1915, 1915A, or 1997e, the prisoner will not accumulate a "strike"; he will not have to weigh the merits of his complaint before filing because he can wait to let the court evaluate it for him; and he will be able to continue filing frivolous, malicious, and

meritless complaints that unduly burden scarce judicial resources.

Prior to filing the instant complaint on August 15, 2003, Plaintiff had filed the following seven complaints [1]:

1. Civil Action No. 5:02–CV–218–C (N.D. Tex., Lubbock Division)

 *John J. Hines v. Fesperman and Pierce*

 Filed August 29, 2002

 Dismissed without prejudice per Plaintiff's request January 10, 2003

 No appeal

2. Civil Action No. 5:02–CV–219–C (N.D. Tex., Lubbock Division)

 *John J. Hines v. David Gutierrez, NFN Turner, and Lubbock County Jail*

 Filed August 29, 2002

 Dismissed without prejudice per Plaintiff's request October 10, 2002

 No appeal

3. Civil Action No. 5:02–CV–270–C (N.D. Tex., Lubbock Division)

 *John J. Hines v. Aramark, Charles Carrizales, UMC, David Gutierrez, and Debbie Turner*

 Filed November 13, 2002

 *Spears* Hearing held July 10, 2003

 Pending (Consent to Magistrate Judge filed July 10, 2003)

4. Civil Action No. 1:03–CV–075 (N.D. Tex., Abilene Division)

 *John J. Hines v. FNU Seevers, Brian Burns, Jack Dieken, Taylor County Jail, and*

---

1. Plaintiff has also stated that between 1996 and 1999 he filed 14 lawsuits in Alaska relating to his imprisonment. Although Plaintiff has provided specific case numbers, he did not provide any information regarding the disposition of the cases. This Court was able to locate only one of the cases on the U.S. Party Case Index, Civil Action No. 98–CV–0119, but there was not sufficient information

to determine whether the dismissal of the case or the appeal (USCA No. 98–35873) would count as a strike under 28 U.S.C. § 1915(g). *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir.1998) (holding that for purposes of counting strikes under § 1915(g), it is irrelevant whether the strikes occurred prior to or after the effective date of the AEDPA).

*L. Franklin*

Filed May 12, 2003

Dismissed with prejudice as frivolous and for failure to state a claim October 17, 2003

No appeal

5. Civil Action No. 1:03–CV–082–C (N.D. Tex., Abilene Division)

*John J. Hines v. L. Franklin, Jack Dieken, Brian Burns, and FNU Seevers*

Filed May 23, 2003

Consolidated with Civil Action No. 1:03–CV–075–C per Plaintiff's request July 7, 2003 and administratively closed

6. Civil Action No. 1:03–CV–103–C (N.D. Tex., Abilene Division)

*John J. Hines v. Robert Helms and H.M.R. Properties*

Filed June 24, 2003

Dismissed with prejudice as frivolous and for failure to state a claim July 14, 2003

Affirmed on appeal November 12, 2003 (USCA No. 03–10778)

7. Civil Action No. 1:03–CV–123–C (N.D. Tex., Abilene Division)

*John J. Hines v. Nurse Janet, Jack Dieken, Hendrick Health Care Clinic, FNU Dozier, John Doe (Hendrick Health Care Clinic), John Doe (Head Nurse, Taylor County Jail), and Taylor County Jail*

Filed July 16, 2003

*Spears* hearing held November 13, 2003

Pending (Consent to Magistrate Judge filed November 13, 2003)

Of these seven other civil rights complaints, two were dismissed without prejudice pursuant to Plaintiff's requests (Civil Action Nos. 5:02–CV–218–C and 5:02–CV–219–C) after Plaintiff had filed sixteen (16) motions in the two cases, and two were consolidated pursuant to his request (Civil Action Nos. 1:03–CV–075–C and 1:03–CV–082–C). In addition, when Civil Action No. 1:03–CV–103–C was dismissed on July 14, 2003, Plaintiff was advised of the three-strikes provision in § 1915(g) and he was admonished that "if he files another civil rights action which is found to be frivolous or malicious, he will be sanctioned." Yet, when he filed the instant complaint on August 15, 2003, he included both malicious and frivolous claims.

Although Plaintiff had acquired only one strike when he moved to dismiss the instant complaint on September 11, 2003, that is, the dismissal with prejudice of Civil Action No. 1:03–CV–103–C, he subsequently acquired a second strike with the dismissal of Civil Action No. 1:03–CV–075–C on October 17, 2003. Thus, if Plaintiff's motion to dismiss is granted, he will avoid acquiring his third strike and will be able to continue filing complaints in federal court without prepaying the filing fee and clearly without taking the time to investigate the facts and law relevant to his complaints. *See Mayfield v. Klevenhagen,* 941 F.2d 346, 348 (5th Cir.1991) (noting that even when a *pro se* plaintiff signs his complaint, he certifies "that, after a reasonable inquiry, to the best of his knowledge, information, and belief, the matters in his complaint were well-grounded in fact and warranted by existing laws"). Indeed, when Plaintiff moved to dismiss the instant complaint, the only reason he gave in support of his motion was that he could "prove no set of facts at this point."

For these reasons, the Court finds that Plaintiff's voluntary motion to dismiss without prejudice should be denied because it is clearly an attempt to circumvent an adverse consequence, *League of United Latin American Citizens v. Clements,* 999 F.2d 831, 843 (5th Cir.1993) (citation omitted); that is, the dismissal of the instant complaint with prejudice as frivolous, mali-

cious, or for failure to state a claim under 28 U.S.C. §§ 1915 and 1915A and 42 U.S.C. § 1997e, which would qualify as a "strike" for purposes of the "three-strikes" rule established by the Prison Litigation Reform Act in 28 U.S.C. § 1915(g). *See Sumner v. Tucker*, 9 F.Supp.2d at 644 ("It would frustrate the purpose of Section 1915(g) if an inmate was allowed to exploit [the procedure of referring prisoner complaints to magistrate judges for initial screening] by filing a meritless action and waiting until after it was reviewed to move for dismissal.").

## CONCLUSION

A district court is not required to give a *pro se* plaintiff repeated opportunities to amend his complaint or explain the basis of his pleadings. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 98 n. 5 (5th Cir.1994). Because Plaintiff has been given ample opportunity to amend his pleadings and comply with Rule 8(a) but has failed to do so, his complaint should be dismissed with prejudice. *Rodriguez v. United States*, 66 F.3d at 97–98. *See Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438–39 (8th Cir.1983) (citations omitted) (holding that a "district court is justified in dismissing [a] complaint with prejudice" if the plaintiff persists in violating Rule 8). Further, because Plaintiff will be barred by the applicable statute of limitations from refiling his complaint, any dismissal of the instant complaint will operate as a dismissal with prejudice. Moreover, Plaintiff should not be permitted to contravene the PLRA by voluntarily dismissing this complaint to avoid accumulating his third strike.

For the reasons set forth above, the Court finds that

1. Plaintiff's Motion requesting consolidation (Dkt.# 5) should be denied.

2. Plaintiff's Motion requesting the voluntary dismissal of Civil Action No. 1:03–CV–152–C (Dkt.# 6) without prejudice should be denied.

3. Civil Action No. 1:03–CV–152–C and all claims alleged therein should be dismissed with prejudice as frivolous, malicious, and for failure to state a claim.

SO ORDERED.

Judgment shall be entered accordingly.

All pending motions are hereby denied.

This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir.1996), and this dismissal does not release Plaintiff Hines from the filing fee obligations previously imposed.

Plaintiff is advised that if he appeals this Order, he shall be required to pay the appeal fee of $255.00 pursuant to the Prison Litigation Reform Act, and he must submit an application to proceed *in forma pauperis* and a certified copy of his 6–month Certificate of Inmate Trust Account along with his notice of appeal.

**Plaintiff is admonished that he shall be barred from proceeding *in forma pauperis* in any proceedings under § 1983 if he has had three or more actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim, unless he demonstrates that he is under imminent danger of serious physical injury at the time he files the complaint. 28 U.S.C. § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884–85 (5th Cir. 1998).**

## *JUDGMENT*

For the reasons stated in the Court's Order of even date,

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff's complaint and

all claims alleged therein are dismissed with prejudice.