FILED
United States Court of Appeals
Tenth Circuit

**March 18, 2014**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

---

JOHNATHAN C. LARGE,

      Plaintiff - Appellant,

v.

BECKHAM COUNTY DISTRICT
COURT; BECKHAM COUNTY
ATTORNEY'S OFFICE; BECKHAM
COUNTY SHERIFF'S
DEPARTMENT; BECKHAM
COUNTY JAIL, Administration and
Personnel,

      Defendants - Appellees.

No. 14-6011
(D.C. No. 5:13-CV-01180-F)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

Plaintiff-Appellant Johnathan C. Large, a state inmate appearing pro se,

appeals a district court judgment dismissing his civil rights claims under 42

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

U.S.C. § 1983 for injunctive and declaratory relief and for damages against various state and county defendants. 1 R. 30. After he filed his complaint, Mr. Large was transferred from the Beckham County jail to another institution. We deny Mr. Large's motion to proceed in forma pauperis (IFP), deny his pending motions, and dismiss this appeal as frivolous.

The district court adopted the magistrate judge's report and recommendation that Mr. Large's claims against the Defendant Beckham County district attorney's office be dismissed with prejudice based upon prosecutorial immunity. Large v. Beckham Cnty. Dist. Court, CIV-13-1180-F, 2014 WL 68081 (W.D. Okla. Jan. 8, 2014). The report and recommendation also noted that claims for damages against the district attorney would be barred by Eleventh Amendment immunity.

The claims for injunctive and declaratory relief were dismissed as moot, and the remainder of the claims were dismissed by the district court without prejudice, based on a variety of pleading problems identified by the magistrate judge: the failure to demonstrate a custom or policy for municipal liability, the failure to name individual defendants who personally participated in the alleged deprivations, and the attempt to challenge an arrest and conviction without having previously established its invalidity, see Heck v. Humphrey, 512 U.S. 477 (1994). The district court determined that these claims were legally insufficient and were frivolous. Finally, the district court assessed a "strike" pursuant to 28 U.S.C. §

1915(g).

Before the district court considered the magistrate judge's report and recommendation, Mr. Large filed a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(1). 1 R. 26. The district court denied the motion because the magistrate had already expended considerable time and effort in finding that Mr. Large failed to state a claim and because Mr. Large is a "frequent filer." Large, 2014 WL 68081, at *1. The district court issued a "strike" pursuant to 28 U.S.C. § 1915(g).

Mr. Large raises no arguments on appeal as to why his claims should not have been dismissed. He argues only that under Fed. R. Civ. P. 41(a)(1) voluntary dismissal cannot be denied by the court. Aplt. Br. 2. While Rule 41(a)(1)(A)(i) allows for voluntary dismissal without a court order where the opposing party has not yet served an answer or motion for summary judgment, Mr. Large cannot use it to avoid the effect of a "strike" under 28 U.S.C. § 1915(g) once his case was already screened and found meritless. See 28 U.S.C. § 1915A(a), (b) (directing court to screen and dismiss frivolous suits by prisoners against government entities); Fed. R. Civ. P. 41(a)(1)(A) (stating voluntary dismissal is subject to applicable federal statutes); Taylor v. First Med. Mgmt., 508 F. App'x 488, 497 (6th Cir. 2012) (unpublished); see also Hines v. Graham, 320 F. Supp. 2d 511, 528 (N.D. Tex. 2004); Sumner v. Tucker, 9 F. Supp. 2d 641, 644 (E.D. Va. 1998). But see Thomas v. Phillips, 83 F. App'x 661, 661-62

- 3 -

(5th Cir. 2003) (unpublished).

We DENY IFP status and DISMISS the appeal as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).  Because this dismissal and the district court's dismissal count as "strikes" under 28 U.S.C. § 1915(g), Mr. Large has two "strikes" from this case.  Jennings v. Natrona Cnty. Det. Ctr., 175 F.3d 775, 780-81 (10th Cir. 1999). Mr. Large's "Motion for Objection/Request for Extension of Time" of February 20, 2014, and "Request for Extension of Time to Make Payments" of February 28, 2014, are DENIED.  Mr. Large remains obligated to pay the full filing fee.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge